UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DOUGLAS McCRAY,

       Plaintiff,                     Case No. 14-cv-12975
                                             Hon. Mark A. Goldsmith
vs.                                                Magistrate Judge David. R. Grand

AMINAH AL-SAEEDI and
WAYNE COUNTY JAIL-DICKERSON,

       Defendants.
_____/


**OPINION AND ORDER
(1) ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DATED JULY 31, 2015 (Dkt. 26); (2) GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (Dkt. 18); (3) DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (Dkt. 22); AND (4) DISMISSING THE CASE WITH
PREJUDICE**

## I. INTRODUCTION

Plaintiff brings an action under 42 U.S.C. § 1983, alleging that Defendants violated the Eighth Amendment's proscription of cruel and unusual punishment by their deliberate indifference to his medical complaints. Compl. at 2-4 (Dkt. 1). Specifically, Plaintiff alleges that he presented to the medical staff at the Wayne County Jail on January 19, 2015 with symptoms of a broken bone in his hand, which he claims should have promptly been x-rayed. Id. at 1-2. At this initial visit only painkillers and an icepack were prescribed, and it was not until Plaintiff's second visit on January 22, 2015 that Defendant Al-Saeedi ordered an x-ray. Id. at 1; Ex. 2 to Defs. Mot. at 8 (cm/ecf page) (Dkt 18-2). In the 14 days between Al-Saeedi's order and Plaintiff's discharge from the jail into the custody of the Michigan Department of Corrections ("MDOC"), however, an x-ray was never performed. Compl. at 1-2. When the x-ray finally was

1

performed by the MDOC on February 11, 2015, it revealed a broken bone in Plaintiff's hand. Id. at 2.

Plaintiff alleges that Defendants deliberately ignored his symptoms, purposefully failing to x-ray his hand in order to cut costs. Id. at 1-2. Plaintiff alleges that this constitutes an Eight Amendment violation. Id. Plaintiff also brings a medical malpractice action against Ms. Al-Saeedi based upon the same alleged events. Id. at 4.

Following discovery, Defendants filed a combined motion to dismiss and motion for summary judgment on March 20, 2015 (Dkt. 18). On April 9, 2015, Plaintiff filed a cross-motion for summary judgment (Dkt. 22). Defendants filed a response to Plaintiff's cross-motion on May 13, 2015 (Dkt. 24).

The matter is now before the Court on the Report and Recommendation ("R&R") of Magistrate Judge David R. Grand, which was issued on July 31, 2015 (Dkt. 26). In the R&R, the Magistrate Judge recommended granting Defendants' motions, as well as denying Plaintiff's cross-motion. Three days after the period for filing objections to the R&R had expired, Plaintiff filed an additional response to Defendants' motions (entitled "Motion for Dismissal and for Summary Judgment Disputed") (Dkt. 27). Plaintiff's filing contains no reference to the R&R whatsoever, let alone a specific objection to its reasoning.

The procedural background, along with the standard of review and legal principles governing cross-motions for summary judgment under Federal Rule of Civil Procedure 56, has been adequately set forth by the Magistrate Judge in his R&R. The Court reviews de novo any portion of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b). For the reasons that follow, the Court accepts the recommendation made in the R&R, grants Defendants' motions, denies Plaintiff's motion, and dismisses the case with prejudice.

## II. ANALYSIS

The Magistrate Judge recommended granting Defendants' motions, because Plaintiff failed to put forth any evidence of deliberate indifference. First, as to Ms. Al-Saeedi, the Magistrate Judge reasoned that Plaintiff failed to establish the subjective element of a deliberate indifference claim, because there was no evidence that Ms. Al-Saeedi acted with the requisite "reckless disregard" of a "perceived" risk of harm. R&R at 7. The R&R also recommended rejecting Plaintiff's medical malpractice claim against Ms. Al-Saeedi, as Plaintiff failed to serve her with a notice-of-intent-to-sue, a procedural prerequisite to filing his complaint. Id. at 2 n.1. The R&R further recommended granting Defendants' motions as to the Wayne County Jail, because the jail can only be held liable under § 1983 for the actions of its employee if a plaintiff can identify a "policy" or "custom," pursuant to which the employee acted, and which caused the plaintiff's injury. Id. at 9. The R&R reported that Plaintiff failed to show any evidence of such a custom. Id. at 10.

Having reviewed the R&R, the Court concludes that it reached the right result for the right reasons. Furthermore, as discussed below, Plaintiff has failed to file an appropriate objection.

As an initial matter, the Court finds that Plaintiff has failed to object to the R&R – an omission that is dispositive. There is ample authority holding that a failure to object to an R&R releases the Court from any duty to independently review the issue. Thomas v. Arn, 474 U.S. 140, 152 (1985).[1]

---

[1] There is authority requiring a court to review an R&R to which no objection is filed for "clear error." See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The R&R meets that standard, as the Court has found that the Magistrate Judge reached the right result for the right reasons.

Plaintiff's August 17, 2015 filing — entitled "Motion for Dismissal and for Summary Judgment Disputed" — does not serve as an objection to the Magistrate Judge's R&R, even though it was filed after the R&R issued. This filing actually constitutes an untimely response to Defendants' March 20, 2015 motions, rather than an objection to the R&R. See Pl. Mot. at 1 (referring to itself as a "Motion to Dispute Defendants['] Motion[s]"). Plaintiff's filing does not even acknowledge the R&R, and none of the points raised in Plaintiff's filing target conclusions reached in the R&R. Id. at 1-2. Accordingly, the Court concludes that Plaintiff did not object to the R&R, and the Court may accept the Magistrate Judge's recommendation for that reason alone. Thomas, 474 U.S. at 152.

However, even if the filing were treated as an objection, it is defective for lack of specificity. The filing of vague, general, or conclusory objections does not meet the requirement for specific objections and is tantamount to a complete failure to object. Fields v. Lapeer 71-A Dist. Court Clerk, 2 F. App'x 481, 483 (6th Cir. 2001). Stated differently, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991).

Plaintiff's filing expresses in conclusory form Plaintiff's (i) unawareness of his obligation to serve a notice-of-intent-to-sue, specially required for medical malpractice claims under Michigan law, M.C.L. § 600.2912b; and (ii) belief that Defendants' citation to Wayne County Jail policy has "no relevance" where Defendants allegedly did not adhere to that policy. Pl. Mot. at 1-2. No recognizable analysis, or reference to the R&R, is set out in connection with these disembodied statements. Accordingly, even assuming that Plaintiff's August 17, 2015 filing was intended to be an objection to the R&R, its lack of specificity is fatal.

Further, even if the Court were to address what Plaintiff may have intended to argue, his contentions lack merit. Lack of awareness of the requirements of the law generally provides no excuse for failing to adhere to these requirements. See Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004). Thus, Plaintiff's ignorance of the notice-of-intent-to-sue requirements does not save his medical malpractice claim. And any contention of irrelevance leveled against Wayne County's official policy regarding how it provides healthcare to inmates is unfounded; such a policy certainly satisfies the standard of relevance set forth under Federal Rule of Evidence 401, because it has a tendency to make a fact of consequence (here, the jail's actual policy or custom) more or less probable than it would without the evidence. Accordingly, even when considered as to their possible substance, Plaintiff's "arguments" lack merit.

### III.  CONCLUSION

For the reasons set forth above, the Court accepts the recommendation contained in the R&R, grants Defendants' motions, denies Plaintiff's motion, and dismisses the case with prejudice.

SO ORDERED.

Dated: October 30, 2015           s/Mark A. Goldsmith
       Detroit, Michigan          MARK A. GOLDSMITH
                                  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2015.

                                  s/Karri Sandusky
                                  Case Manager

5